Filed 2/8/21  P. v. Hernandez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUILLERMO ANDRE HERNANDEZ,<br><br>    Defendant and Appellant. | A160317<br><br>(Marin County Super. Ct. No. SC-205638A) |

Defendant Guillermo Andre Hernandez appeals from the trial court's imposition of a three-year prison term after Hernandez admitted to a violation of probation.  Hernandez's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Having done so, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, the Marin County District Attorney filed an information alleging that Hernandez had committed felony corporal injury on

a specified person, Jane Doe (Pen. Code,[1] § 273.5, subd. (a), count one), misdemeanor battery on Rene Peraza (§ 242, count two), and misdemeanor violation of a court order to prevent domestic violence (§ 273.6, subd. (a), count three). Count one included the special allegations that Hernandez personally inflicted great bodily injury upon Jane Doe under circumstances involving domestic violence (§ 12022.7, subdivision (e)) and on someone other than an accomplice (§ 1192.7, subd. (c)(8)). Count one was further alleged to be a serious felony and a violent felony within the meaning of sections 1192.7, subdivision (c), and 1170.12, subdivisions (a) through (c).

The charges stemmed from an incident on July 25, 2018.[2] On that morning, Jane Doe—who had been in a dating relationship with Hernandez for about eight months—was walking to meet Hernandez at his apartment when he exited the building and approached, visibly angry. As soon as he got close enough to Jane, Hernandez struck her with his right hand which was covered in a hard cast. Jane screamed and ran towards a parking lot behind the building. Rene Peraza, Hernandez's older brother, heard the scream, exited the apartment, saw Jane, and confronted Hernandez regarding what had happened. The two struggled briefly and then Hernandez picked up a clay brick and threw it at Rene. When the police arrived, Jane was bleeding profusely from her broken and discolored nose and had swelling to her left eye the size of a golf ball. She told the officer she believed Hernandez was angry because she had failed to respond to his messages due to her phone account lapsing. Several days later, Hernandez reportedly violated a court order to refrain from committing domestic violence issued after his arrest.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

[2] Our recitation of pertinent facts is gleaned from the probation report and the probation revocation petition in this matter.

On December 28, 2018, Hernandez pleaded guilty to all charges and admitted the special allegations in return for a stipulated sentence of probation. In advising Hernandez in advance of his plea, the trial court stated that the maximum prison term with respect to count one was three years. The plea form signed and initialed by Hernandez, in contrast, showed a maximum prison term for count one of seven years. The court found Hernandez's admissions to be knowing, intelligent, and voluntary.

At sentencing on April 24, 2019, the trial court admonished Hernandez that if he violated the terms of his probation the court would likely send him to prison. Finding "unusual circumstances" in that Hernandez was young and with no significant prior criminal record, the trial court suspended the imposition of sentence and placed Hernandez on supervised probation for three years under numerous terms and conditions, including that he not contact or harass Jane Doe. In addition, Hernandez was sentenced to 210 days in county jail, with credit for 104 days. A ten-year court protective order was filed and personally served on Hernandez in court.

On June 19, 2019—almost immediately after Hernandez's release from custody—a petition for revocation of probation was filed alleging that Hernandez had violated the terms of his probation by contacting Jane Doe, harassing her, and attempting to dissuade her from reporting his conduct to the authorities. Jane reported that Hernandez contacted her repeatedly via the direct message feature on Instagram and posted an old video of them engaged in a sexual act on his Instagram page. She sent screen shots of the messages and video to the supervising probation officer. One of the messages from Hernandez stated: "please don't snitch that we talkin please we can start fresh past is past u solid . . . please don't tell no one we talkin."

Hernandez admitted the allegations in the petition on August 27, 2019, and the trial court found that he had violated the terms of his probation. Hernandez was placed at the Department of Corrections pursuant to section 1203.03 for a diagnostic evaluation and recommendation. The evaluation filed in December 2019 recommended that Hernandez serve a prison term.

At the sentencing hearing on February 5, 2020, the trial court and the parties reviewed Hernandez's potential credits at length, settling on actual credits of 338. The prosecutor declined to argue, stating the court was well aware of his position and very familiar with the case. Defense counsel, in contrast, argued that a grant of probation would do the least harm going forward for everyone involved by rehabilitating Hernandez.

Noting that it had given Hernandez an opportunity and he violated the terms of his probation "in a minute," the trial court denied probation and sentenced Hernandez to the three-year mid-term on count one. However, given the prior discussions in the case and all the circumstances involved, the court struck any additional punishment with respect to the great bodily injury special allegation. (§ 1385, subd. (b)(1).) Credits were set at 338 actual and 51 conduct days. (§ 2933.1.) The court concurrently imposed a restitution fine of $300, along with a corresponding suspended parole revocation fine (§§ 1202.4, subd. (b), 1202.44, 1202.45, subd. (a)); criminal conviction and court security fees of $90 and $120, respectively (Gov. Code, § 70373; § 1465.8); a $500 domestic violence fund fee (§ 1203.097, subd. (a)(5)(A)), and a $25 administrative screening fee (§ 1463.07). Direct victim restitution was reserved. Hernandez filed a timely notice of appeal, limited to sentencing issues.

4

## II. DISCUSSION

As discussed above, Hernandez appealed from the trial court's February 2020 sentencing order made after he admitted to violating his probation. We appointed counsel to represent him. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*Wende, supra*, 25 Cal.3d 436, 441; see also *People v. Kelley* (2006) 40 Cal.4th 106, 109-110.) Hernandez was advised by his attorney of the opportunity to file a supplemental brief with this court, but he has not done so.

We have examined the entire record and are satisfied that Hernandez's attorney has complied with her responsibilities and that no arguable issue exists. While it is conceivable that the record could have supported a lesser sentence or return to probation, the three-year sentence was consistent with the plea agreement and represents a permissible exercise of the court's discretion under all of the facts and circumstances of the case, especially given the severity of the initial incident and the speed with which Hernandez violated his probationary terms. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 [reviewing sentencing decision, which must be based on " 'individualized consideration of the offense, the offender, and the public interest,' " for abuse of discretion]; see also *People v. King* (2010) 183 Cal.App.4th 1281, 1323 ["The trial court has broad discretion with regard to sentencing, and its decision will be affirmed on appeal, so long as it is not arbitrary or irrational and is supported by any reasonable inferences from the record."].) In addition, we see no issues with respect to the fines and fees imposed by the court, to which counsel did not object.

## III. DISPOSITION

The judgment is affirmed.

_____

SANCHEZ, J.

We concur.

_____

HUMES, P.J.

_____

MARGULIES, J.

(A160317)

6